Carey, Richard J., J.
The plaintiff, Stacey Periy-Flynn (“Periy-Flynn”) brings this medical malpractice against the defendants, Thomas N. Maki, M.D. (“Maki”), Louise Tosches, R.N. (“Tosches”), and Mary Jean Phillips, C.S.T. (“Phillips”) (collectively, “the defendants”). The defendants move to dismiss this action pursuant to Mass.R.Civ.P. 12(b)(6), arguing that Peny-Flynn’s claims against them are barred by the doctrine of judicial estoppel.[2] For the following reasons, the defendants’ motion to dismiss is DENIED.
FACTUAL BACKGROUND
For the purposes of deciding the motion, this court considered the allegations of the complaint and Perry-Flynn’s bankruptcy filings, which are matters of public record. See Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).
Perry-Flynn underwent a surgical procedure on April 4, 2007. Mató, a board certified diplomat, was her surgeon. He was assisted by Phillips, the scrub technician, and Tosches, the circulating nurse.
Prior to the surgeiy, Perry-Flynn informed medical personnel that she suffered from a latex allergy. During the surgery, four penrose drains were inserted into the patient. The circulating nurse subsequently realized that the drains were not latex-free, and the drains were removed.
On May 22, 2007, Perry-Flynn saw her allergist, Dr. Cahaly. Dr. Cahaly informed her that she had become more sensitive to latex. He further stated that her exposure to latex during the April 4th surgeiy was the cause of her increased sensitivity.
On June 3, 2008, Periy-Flynn and her husband at the time, Joseph W. Flynn (collectively, “the Flynns”), filed for bankruptcy under Chapter 13. As part of the bankruptcy petition, the Flynns filed a reorganization plan and a disclosure statement, which listed all of their assets. In the statement of assets, the Flynns did not list any claim, pending or potential, against the defendants for medical malpractice. On July 28,2008, less than eight weeks after filing, the Flynns moved to dismiss the bankruptcy petition because of a change in financial situation.
On March 21, 2010, Periy-Flynn filed this medical malpractice action against the defendants. She alleges that the defendants were negligent for failing to take appropriate steps to ensure that no latex products were present during her surgeiy, and that she suffered severe personal injuries as a result.
DISCUSSION
I. Legal Standard
To survive a motion to dismiss, a complaint must set forth the basis of the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Id., quoting Bell Atl. Corp., 550 U.S. at 555. At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief...” Id., quoting Bell Atl. Corp., 550 U.S. at 557.
II. Application of Judicial Estoppel to Peny-Flynn’s Claim
The defendants move to dismiss the complaint, arguing that Periy-Flynn is judicially estopped from pursuing this action due to her failure to reveal a potential cause of action against the defendants in a disclosure statement with the bankruptcy court. The defendants argue that Peny-Flynn’s cause of action accrued on May 22, 2007, when she learned that her allergy had worsened as a result of the latex exposure. *76 See Bowen v. Eli Lilly & Co, Inc., 408 Mass. 204, 206 (1990) (“Medical malpractice ‘causes of action accrue when the plaintiff learns, or reasonably should have learned, that he has been harmed by the defendant’s conduct’"). Accordingly, the defendants contend that Perry-Flynn’s assertion in the bankruptcy court petition on June 3, 2008 that she had no interests in any causes of action as of that date, is inconsistent with her filing a negligence claim against the defendants on March 21, 2010.
“Judicial estoppel is an equitable doctrine that precludes a party from asserting a position in one legal proceeding that is contrary to a position it had previously asserted in another proceeding.” Otis v. Arbella Mat Ins. Co., 443 Mass. 634, 639-40 (2005), quoting from Blanchette v. School Commonwealth of Westwood, 427 Mass. 176, 184 (1998). “The purpose of the doctrine is to prevent the manipulation of the judicial process by litigants.” Id. at 640, quoting from Canavan’s Case, 432 Mass. 304, 308 (2000). The application of judicial estoppel requires both that “the position being asserted . . . [is] directly contrary to the position previously asserted,” and that “the party must have succeeded in convincing the court to accept its prior position.”[3] Id. at 640-41.
Because it is an equitable doctrine, judges need not rely on “inflexible prerequisites or an exhaustive formula” when considering its applicability. New Hampshire, 523 U.S. at 751. In deciding whether to apply the doctrine, judges should use their discretion, . . . and apply judicial estoppel where appropriate to serve its over-all purpose." Otis, 443 Mass. at 642. The “broader purpose” of judicial estoppel is to “protect the integrity of the judicial system” and prohibit parties from playing “fast and loose with that system . . .” Id. at 646.
There is no Massachusetts case law applying judicial estoppel in the bankruptcy context. Circuit courts, however, routinely apply the doctrine in situations where a debtor fails to list a claim as an asset in a bankruptcy, and then subsequently pursues the undisclosed claim. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001) (citing cases from other circuits applying judicial estoppel in bankruptcy context). This court believes that our appellate courts would follow this approach.
The defendants rely on Hamilton in support of their position that Periy-Flynn’s claim is barred by judicial estoppel. In Hamilton, the plaintiff filed a claim under his State Farm homeowner’s insurance policy, alleging water damage to his house and property theft. 270 F.3d at 780. State Farm, suspicious of the claim’s validity, initiated an investigation. Id. Hamilton, who was experiencing financial difficulties and needed the insurance money from State Farm, enlisted the help of several lawyers to put pressure on State Farm to pay his claims. Id. at 781. His lawyers sent letters to State Farm, asserting that State Farm might be handling the claim in bad faith and threatening litigation if it did not pay the claim quickly.
Hamilton subsequently filed for bankruptcy, but failed to list his claims against State Farm in his bankruptcy petition as assets of the estate. A few days after Hamilton filed for bankruptcy, State Farm denied his claim. The bankruptcy court discharged Hamilton’s debts based on the information in his bankruptcy petition. The discharge was vacated, however, upon a bankruptcy trustee’s subsequent inquiry into Hamilton’s insurance claims. Id.
A few months after the discharge, Hamilton filed suit against State Farm, alleging breach of the covenant of good faith and fair dealing, and breach of contract. The trial court dismissed the suit, as it determined that the claim was barred by judicial estoppel. Id. at 782. Specifically, the court held that Hamilton took contradictory positions first by failing to disclose his insurance claims and potential bad faith action against State Farm in his bankruptcy schedules, and then by attempting to recover on his claims against State Farm in state court. The Ninth Circuit Court of Appeals agreed, finding that a discharge of debt by a bankruptcy court is sufficient to provide a basis for judicial estoppel, even if the discharge is later vacated. Id. at 784.
To apply judicial estoppel in this case, the court must find that Perry-Flynn had, and knew she had, a real, valuable, potential, or pending claim, which she knew, or reasonably should have known, was an asset she was obligated to list in her statement of assets in the bankruptcy proceeding. Unlike Hamilton, where the plaintiff was fully aware of his claims against State Farm and was ready to pursue them at the time of the filing of his bankruptcy petition, there is no indication here that Perry-Flynn’s awareness of her increased sensitivity to latex had matured into a cause of action at the time of her bankruptcy filing. Whereas Hamilton had engaged several lawyers to assist him in shaping his claims, Perry-Flynn did not seek to explore potential theories of recovery against the defendants prior to filing for bankruptcy. Perry-Flynn’s claim had not ripened at that point to be a significant asset requiring its disclosure in a bankruptcy petition.
Here, where the bankruptcy petition was dismissed eight weeks after it was filed because of a change in the financial circumstances of the petitioners, and the present medical malpractice action was filed over seventeen months after the bankruptcy petition was dismissed, the defendants’ motion to dismiss based on “judicial estoppel” borders on the frivolous.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ Motion to Dismiss is DENIED.

Tosches and Phillips join Maki in his motion to dismiss.

“Some courts have also recognized a third factor, namely, ‘whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.’ ” Otis, 443 Mass. at 641, quoting from New Hampshire v. Maine, 532 U.S. 742, 751 (2001). “However, as a practical matter, where the first two components have been satisfied, this third factor is virtually certain to be present. . .’’ Id.